UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RASHAUN A. GRAVES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14-1123-CV-W-DW-P |
| | ) |
| RHONDA PASH, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions in the Circuit Court of Jackson County, Missouri, for three counts of first-degree robbery and one count of attempted first-degree robbery. The Missouri Court of Appeals affirmed petitioner's convictions and the denial of his motion for post-conviction relief. Docs. 10-6 and -15 (memorandum opinions).

Petitioner claims four grounds for federal relief. First, petitioner claims that insufficient evidence was presented at trial to support his conviction for attempted first-degree robbery. Doc. 1, p. 14 (petition). Specifically, petitioner claims that the State failed to prove that he "committed a substantial step toward forcibly stealing from [the victim, and that he] acted with the purpose of completing a robbery[.]" *Id*. The Missouri Court of Appeals rejected that claim:

> During his encounter with [the attempted-robbery victim], Graves approached the victim while she was alone at night near her apartment near the Plaza. He exited his vehicle and approached [the victim] on foot. When she began to run, Graves chased [the victim] and revealed his silver handgun when he was close enough to gain control over her.

> [The victim fled into her apartment, and Graves
> unsuccessfully attempted to open the apartment
> door.] The similarities between Graves's conduct
> toward [the attempted-robbery victim] and his *modus
> operandi* during the completed robberies provided a
> strongly corroborative basis for the jury to
> conclude that he intended to forcibly rob [the
> victim].

Doc. 10-6, p. 11 (memorandum opinion).

As his second ground for relief, petitioner claims that the trial judge erred by denying his motion to sever the attempted robbery charge from the robbery charges for trial because "the jury was likely to consider evidence of the three . . . robberies against [him] in considering whether the committed the attempted robbery." Doc. 1, p. 15 (petition).[1] The Missouri Court of Appeals disagreed:

> In this case, Graves was charged with four
> robbery offenses involving four victims. The State
> presented separate and distinct evidence with
> regard to each offense. The circumstances of the
> offenses were not complicated, and the testimony of
> the witnesses clearly distinguished each crime. To
> further avoid any possibility of confusion, the
> court expressly instructed the jury that each of the
> four counts must be considered separately[.] [W]e
> must presume the jury understood and followed the
> court's instructions. Nothing in the record

---

[1] Within his second ground for relief, petitioner also claims that the trial court committed plain error by allowing the joinder of the robbery and attempted robbery counts for trial. Doc. 1, p. 15 (petition). The Missouri Court of Appeals declined plain-error review. Doc. 10-6, p. 14 (memorandum opinion). Therefore, petitioner did not preserve his joinder claim for federal review. *See Toney v. Gammon*, 79 F.3d 693, 699 (8th Cir. 1996) ("properly limited plain error review by a state does not cure a procedural default").

> indicates the jury was unable to distinguish the evidence relating to each count and resolve each count on its own merits.
>
> Graves also failed to show substantial prejudice because evidence of the three robberies would have been admissible even if he had a separate trial on the attempted robbery charge. Although evidence of similar crimes is generally inadmissible to show propensity, the State would have been able to introduce the three completed robberies as evidence of Grave's [sic] intent, motive, common scheme or plan, and modus operandi.

Doc. 10-6, pp. 15-16 (memorandum opinion) (citations and quotation marks omitted).

The Missouri Court of Appeals' resolution of petitioner's insufficient-evidence and severance claims was not based on an "unreasonable determination of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of evidence in criminal trials); *Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000) (federal habeas court must defer to state court's interpretation of state law), *cert. denied*, 532 U.S. 935 (2001); *Wharton-El v. Nix*, 38 F.3d 372, 374 (8th Cir. 1994) ("To obtain habeas relief for failure to sever, [a petitioner] must show that the failure to grant severance rendered the trial fundamentally unfair") (citation and quotation marks omitted), *cert. denied*, 513 U.S. 1162 (1995). Petitioner is entitled to no relief on his first and second

3

grounds.

As his third ground for relief, petitioner claims that the trial court committed plain error by admitting into evidence testimony by a police officer regarding one of the victim's bank cards. Doc. 1, p. 16 (petition). "Before seeking federal relief under § 2254, a petitioner ordinarily must fairly present the federal claim to the state courts. By exhausting all available state court remedies, [a petitioner] gives a state the opportunity to pass upon and correct alleged violations of . . . federal rights." *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citations and quotation marks omitted), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1596 (2012). "If a petitioner has not presented his habeas corpus claim to the [appropriate] state court, the claim is generally defaulted." *Id*.

Petitioner defaulted his third ground for relief by not presenting that claim properly in state court. *See* Doc. 10-6, p. 19 (memorandum opinion of the Missouri Court of Appeals finding "no basis for plain error relief" on petitioner's evidentiary claim).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has failed to demonstrate cause for his default.  *See* Doc. 14, pp. 26-32 (petitioner's reply).  Petitioner also has failed to demonstrate that a fundamental miscarriage of justice will occur if the Court declines to consider the merits of his defaulted claim.  *See id.; Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996) (in order to demonstrate that a failure to consider defaulted claims will result in a fundamental miscarriage of justice, habeas petitioner must show that he is "probably actually innocent" of the crimes for which he was convicted) (citation omitted), *cert. denied*, 520 U.S. 1128 (1997).  Petitioner is entitled to no further review of his third ground.

Finally, as his fourth ground for relief, petitioner claims that he was denied effective assistance of counsel on direct appeal because his attorney failed to argue that the trial court erred by refusing to quash the jury panel after the jury learned that petitioner originally had been charged with four counts of armed criminal action.  Doc. 1, p. 17 (petition).  The Missouri Court of Appeals rejected that claim:  "Considering the overwhelming evidence of Graves's guilt, Graves's present claim does not create a reasonable probability that, if the jury panel issue had been raised on direct appeal, the outcome of the direct appeal would have been different."  Doc. 10-15, p. 6 (memorandum opinion).  This Court agrees.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that

5

his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense); *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (attorney's failure to raise a meritless claim does not offend the Constitution). Petitioner is entitled to no relief on his fourth ground.

For the reasons explained above, petitioner has failed to present grounds that warrant federal relief. Therefore, this petition for a writ of habeas corpus is denied, and this case is dismissed.

So **ORDERED**.

                                           /s/ Dean Whipple
                                           DEAN WHIPPLE
                                           UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: October 9, 2015.